IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES DYCHE,** | **CIVIL NO. 1:04-CV-1833** |
| **Plaintiff** | |
| v. | |
| **LINDA BONNEY,** *et al.*, | |
| **Defendants** | |

# **M E M O R A N D U M**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint.  (Doc. 25-1).  The parties have briefed the issues, and the matter is ripe for disposition.  For the reasons stated below, the court will grant the motion in part and deny it in part.

**I.**  **Background**

Plaintiff Charles Dyche filed a Complaint on August 18, 2005.  (Doc. 1-1.)  Plaintiff's Complaint asserted that Defendant Linda Bonney, an employee of the Pennsylvania State Police ("PSP"), in concert with two John Doe Defendants, participated in a violation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.  (Compl. ¶ 1.)  Plaintiff contended that while he was applying for a trooper position with the PSP, Defendants conducted an unwarranted polygraph examination that resulted in Plaintiff admitting to a sexual tryst with a minor that occurred 12 years before.  (*Id.* ¶¶ 12-15.)  Plaintiff asserted that this information was used to remove him from the PSP Academy, where Plaintiff was training to be a trooper.  (*Id.* ¶ 23.)  Plaintiff argued that because Defendants knew of the sexual

tryst, yet still admitted Plaintiff to the Academy, their subsequent removal of Plaintiff from the Academy without a hearing was done in violation of his rights of privacy and due process.  (*Id.* ¶¶ 16, 20-21, 23.)  Plaintiff's Complaint survived a motion to dismiss.  (*See* Doc. 13.)

After conducting discovery, Plaintiff filed for leave to amend his Complaint on July 11, 2005, asserting that he obtained new information through the discovery process.  (Doc. 25-1.)

**II.     Applicable Legal Standards**

**A.     Motion to Amend**

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Whether to grant or deny the motion is within the court's discretion.  *Foman v. Davis,* 371 U.S. 182 (1962).  A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party."  *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).  Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith."  *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993).  "Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss."  *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

### B. <u>Motion to Dismiss</u>

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 336 F.3d 229, 236 (3d Cir. 2004).

## III.     Discussion

Plaintiff proposes four additions to his Complaint.[1]  First, Plaintiff asserts breach of contract claims against all Defendants.  Second, Plaintiff adds the PSP as a defendant.  Third, Plaintiff adds Barbara Christie, counsel to the PSP, as a defendant.  Fourth, Plaintiff adds Jeffrey Miller, Commissioner of the PSP, as a defendant.  The court will discuss each of the proposed amendments in turn.

### A.     Breach of Contract Claims

In Plaintiff's proposed Amended Complaint, Plaintiff seeks to assert breach of contract claims against the PSP and all individual defendants.  Plaintiff contends that because Plaintiff was admitted to the Academy even though Defendants knew of Plaintiff's prior sexual encounter with the minor, Defendants breached their contract with Plaintiff when they removed him from the Academy weeks later.

---

[1] Plaintiff also seeks to remove several items from his Complaint.  First, Plaintiff wishes to remove the John Doe Defendants.  Second, Plaintiff removes any claim that his polygraph examination was conducted under false pretenses, or that the PSP has only a prurient interest in the sexual affairs of its members.  Plaintiff only states that the technology used was "highly questionable."  Third, Plaintiff removes an allegation that the polygrapher had told him that the disclosure of personal information would not result in his disqualification from the Academy.

No employment contract existed between the PSP and Plaintiff. Plaintiff was a probationary employee, and as such was not covered by the PSP Member Collective Bargaining Agreement.[2]  The probationary nature of Plaintiff's position negates the expectation Plaintiff might have had in continued employment. *See Blanding v. Pennsylvania State Police*, 12 F.3d 1303, 1307 (3d Cir. 1993). Additionally, absent a showing that state law has created a legitimate expectation of continued employment, a public employee is presumed to be an at-will employee. *Id.*; *Cooley v. Pennsylvania Housing Finance Agency*, 830 F.2d 469, 471 (3d Cir. 1987).  Plaintiff has not asserted that he was anything but a probationary employee of the PSP.  Importantly, Plaintiff has not asserted any state law grounds that demonstrate that Plaintiff had a legitimate expectation of continued employment with the PSP.

Additionally, Plaintiff argues that because the PSP accepted Plaintiff to the Academy knowing of his past indiscretions, the PSP was estopped from removing Plaintiff from the Academy.  Plaintiff cannot make this claim.  Under Pennsylvania law, an at-will employee does not have a claim for estoppel based upon alleged reliance on an employer's promise.  *Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990).  In the absence of an employment contract, Plaintiff's contractual claims are futile, because they could not survive a motion to dismiss.  As a result, Plaintiff will not be permitted to amend his Complaint to add breach of contract claims.

---

[2] The collective bargaining agreement covers only permanent employees of the PSP. Those training at the Academy are probationary employees and as a result are not covered by the agreement.

### B.      Addition of the PSP as Defendant

Plaintiff seeks to add the PSP as a defendant, arguing that the PSP is "obligated under state law to honor its contracts." (Proposed Am. Compl. ¶ 7.) Plaintiff further alleges that the PSP unlawfully denied him an opportunity to be heard regarding his dismissal from the PSP Academy in violation of 42 U.S.C. §1983. (*Id.* ¶ 10.) Defendants argue that the PSP cannot be considered a "person" under §1983, and thus the procedural due process claims against the PSP would be futile.[3]

A §1983 claim must assert that a "person" acting under the color of law caused a deprivation of a right secured by the Constitution. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). The state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). This rule applies to "[s]tates or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. An "arm of the state" is a department or agency that has no separate existence apart from the state. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The PSP is an arm of the state for Eleventh Amendment purposes. *See Altieri v. Pennsylvania State Police*, No. Civ.A.98-CV-5495, 2000 WL 427272, at *5 (E.D. Pa. Apr. 20, 2000). As such, the PSP is not considered a "person" within the meaning of § 1983. Thus, Plaintiff's §1983 claims against the PSP could not survive a motion to dismiss and it would be futile to add the PSP as a defendant with respect to those claims.

---

[3] Defendants also argue that Plaintiff cannot assert any breach of contract claims against the PSP because no employment contract with the PSP existed and because a breach of contract claim against the PSP would be barred by the Eleventh Amendment. The court has already determined above that no breach of contract claims can be asserted against any potential defendant. Thus, the court does not need to reach these arguments with respect to the PSP individually.

Accordingly, Plaintiff will not be permitted to amend his Complaint to add the PSP as a defendant.

### C. Addition of Barbara Christie as Defendant

In Plaintiff's proposed Amended Complaint, Plaintiff seeks to add Barbara Christie, counsel to the PSP, as a defendant. Plaintiff asserts that Ms. Christie attended two meetings at which Plaintiff's position at the PSP was discussed, and she provided legal advice to those present at the meeting. Plaintiff contends that this advice led PSP Commissioner Jeffrey Miller to make the ultimate decision to remove Plaintiff from the PSP Academy. Plaintiff also contends that Ms. Christie assisted in creating the policy that resulted in Plaintiff's removal from the PSP Academy. Plaintiff argues that Ms. Christie's actions violated his right to privacy, his right of association, and his right to procedural due process. The court will discuss each asserted right in turn, and will determine whether Plaintiff may make claims under 42 U.S.C. §1983 against Ms. Christie for violations of these rights.

To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini,* 212 F.3d at 806; *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

#### 1. Right to Privacy

Plaintiff alleges that Ms. Christie, while acting under color of state law, violated his rights to privacy. Plaintiff alleges that Ms. Christie was involved in creating PSP policy, which Plaintiff alleges includes "arbitrary and capricious entry level employment standards." (Doc. 25-2, ¶¶ 12, 17.)

7

An individual has an interest in "avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). To determine where that privacy interest has been violated, the Plaintiff's interest is weighed against the government's interest in obtaining the information. *Id.* at 602.

By asserting that Ms. Christie assisted in creating a policy that resulted in an unwarranted invasion of Plaintiff's privacy, Plaintiff has alleged that Ms. Christie violated his constitutional right to privacy, and that Ms. Christie was acting under color of law when she did so. Defendants have not, as yet, asserted a state interest in receiving background information on their prospective employees regarding past potential illegal conduct. Thus, the court cannot balance Plaintiff's privacy interest against Defendants' interest at this time. Therefore, it is possible that Plaintiff's §1983 claim for a violation of his privacy rights could withstand a motion to dismiss. As such, it is not futile, so Plaintiff will be permitted to amend his Complaint to assert a §1983 claim against Barbara Christie for violating his right to privacy.

### 2. Right of Association

Two types of association rights are protected by the Constitution: intimate association and expressive association. *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 (3d Cir. 2000). Expressive association protects association in groups for the purpose of expressing First Amendment rights, such as speech, assembly, and the exercise of religion. *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984). Intimate association protects certain intimate human relationships from government intrusion. *Id.* Relationships protected as intimate associations are distinguished by such attributes as "relative smallness, a

high degree of selectivity in decisions to begin and maintain the association, and seclusion from others in critical aspects of the relationship." *Id.* at 620. Additionally, employees who claim that adverse employment action was taken against them for exercising their associational rights outside of employment must show that they were engaged in constitutionally protected conduct. *Mt. Healthy School District Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977).

Plaintiff merely asserts that the actions of Ms. Christie "effected a violation of . . . his right to associate." (Proposed Am. Compl. ¶ 31.)  Plaintiff does not assert the existence of an expressive association because there is no claim that Plaintiff sought employment with the PSP in order to exercise any of his First Amendment rights.[4]  Rather, Plaintiff appears to be implying that Ms. Christie either prevented his association with others in the PSP or impermissibly punished him for associating with a minor.  Neither qualifies as an intimate association protected under the Constitution.  First, common sense dictates that a co-employee relationship, on its own, cannot give rise to an intimate association; if it could, no employer could terminate an employee without violating the employee's right of association.  Second, Plaintiff cannot argue that his illegal sexual relationship with a minor is constitutionally protected, such that the PSP could not take an adverse employment action against him for having engaged in such an association. *See Brown v. Hartlage*, 456 U.S. 45, 54 (1982) ("Although agreements to engage in

---

[4] Plaintiff does assert a violation of his First Amendment rights, though that assertion is not of the nature that would implicate his rights of association. Plaintiff contends that the PSP offered him an employment opportunity under false pretenses to induce him to "speak out" about his personal history. (Proposed Am. Compl. ¶ 28.)  The court considers this a restatement of his §1983 claim for a violation of his right to privacy, rather than an assertion that he sought employment with the PSP in order to engage in protected speech. Plaintiff's proposed Amended Complaint suggests the assertions are one in the same. (Proposed Am. Compl. ¶ 11.)

9

illegal conduct undoubtedly possess some element of association, the State may ban such illegal agreements without trenching on any right of association protected by the First Amendment."). Consequently, Plaintiff cannot assert a violation of his right of association against Barbara Christie that would survive a motion to dismiss. Such a claim would be futile. As a result, Plaintiff will not be permitted to amend his Complaint to assert a §1983 claim against Barbara Christie for violation of a right of association.

### 3. **Procedural Due Process**

Plaintiff asserts that Ms. Christie denied Plaintiff's right to due process when Commissioner Jeffrey Miller, with Ms. Christie's assistance, removed Plaintiff from the Academy without notice and an opportunity to be heard.

To establish a denial of due process, Plaintiff must establish either a property interest or a liberty interest sufficient to justify notice and an opportunity to be heard. *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972). Absent a property interest in his employment with the PSP, Plaintiff would still be entitled to due process if he could establish a violation of his liberty interest. *Id.* at 571.

To establish a property interest, Plaintiff must have more than a "unilateral expectation" of continued employment. *Roth,* 408 U.S. at 577. He must, instead, have a legitimate claim of entitlement to employment created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between the PSP and him. *See Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993).

The court has already established that Plaintiff had no contract with the PSP. As a probationary employee in training at the Academy, Plaintiff had no legitimate expectation of continued employment. *See Blanding*, 12 F.3d at 1306-07. Plaintiff has not claimed more than a unilateral expectation of employment based on his admittance to the Academy. Again, Plaintiff's employment with the PSP is presumed to be at-will absent a showing of legitimate entitlement. *See Cooley*, 830 F.2d at 471. Thus, Plaintiff fails to assert any legitimate claim of entitlement to this position. As a result, Plaintiff cannot establish a property interest in his employment sufficient to justify notice and an opportunity to be heard.

In order to establish a liberty interest, Plaintiff must show that the State "imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." *Id.* at 573. In this context, in order for due process protection to have purpose, "[t]here must be some factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation." *Codd v. Velger,* 429 U.S. 624, 627-28 (1977). A hearing is required only where "the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination." *Id.* at 627. Plaintiff asserts that Defendants knew "the devastating effect the dismissal from the Academy would have upon his life and his professional reputation." (Proposed Am. Compl. ¶ 31.) This is insufficient to establish a liberty interest. Plaintiff was removed from the Academy for an illegal sexual relationship with a minor, an act that Plaintiff does not assert is false. There was no factual dispute between Plaintiff and the PSP that bore on Plaintiff's reputation. Thus, Plaintiff cannot assert that the PSP or any agents of the PSP created or disseminated a false or

11

defamatory impression about him.  As such, Plaintiff cannot assert any right to a hearing based upon a denial of his liberty interests.  Consequently, Plaintiff's assertion of a denial of due process would not survive a motion to dismiss.  As such, it is futile, and Plaintiff's Amended Complaint will not be permitted to assert a denial of due process against Barbara Christie.

In sum, Plaintiff will be permitted to amend his Complaint to add Barbara Christie as a defendant, but only to assert a §1983 claim based on a violation of his right to privacy against her.

### D. **Addition of Jeffrey Miller as a Defendant**

Plaintiff also seeks to add Jeffrey Miller, Commissioner of the PSP, as a defendant.  Plaintiff contends that Miller assisted in the creation of the policy that led to Plaintiff's removal from the Academy.  Plaintiff also asserts that it was Miller who made the ultimate decision to remove Plaintiff.  Plaintiff argues that Miller violated his rights to privacy, association, and due process when Miller removed Plaintiff from the PSP Academy.

Defendants do not contest the addition of Jeffrey Miller as a defendant.  As a result, the court will permit Plaintiff to amend his Complaint to add Jeffrey Miller as a defendant and assert Plaintiff's §1983 claims against him for violating his rights to privacy, association, and due process.

**IV.**      **Conclusion**

For the reasons set forth above, the court will grant in part and deny in part Plaintiff's Motion to Amend. Plaintiff may amend his Complaint to add Barbara Christie and Jeffrey Miller as defendants. Plaintiff may not add the PSP as a defendant, or assert §1983 claims against Ms. Christie for a denial of procedural due process or a denial of his right of association. Additionally, Plaintiff may not assert breach of contract claims against any defendant in this action. An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: November 22, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES DYCHE,** : **CIVIL NO. 1:04-CV-1833**
        **Plaintiff** :
        **v.** :
**LINDA BONNEY,** *et al.*, :
        **Defendants** :

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for leave to amend his Complaint is **GRANTED in part** and **DENIED in part** as follows:

    a) Plaintiff's Amended Complaint may not add the Pennsylvania State Police as a Defendant.

    b) Plaintiff's Amended Complaint may add Barbara Christie as a Defendant, and may assert a claim for a denial of his right to privacy against her; however Plaintiff's Amended Complaint may not assert claims against Ms. Christie for a denial of procedural due process or a right to association.

    c) Plaintiff's Amended Complaint may add Jeffrey Miller as a Defendant, and may assert claims for lack of procedural due process, a denial of a right of association, and a denial of his right to privacy against him.

d) Plaintiff may not assert breach of contract claims against any Defendant.

2) Plaintiff's Proposed Amended Complaint (Doc. 25-2) is rejected.

3) Plaintiff shall file an Amended Complaint in accordance with the foregoing no later than November 30, 2005.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: November 22, 2005.