IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DYCHE,** | : | **CIVIL NO. 1:04-CV-1833** |
| **Plaintiff** | : | |
| **v.** | : | |
| **LINDA BONNEY,** *et al.*, | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 36).
For the following reasons, the court will deny the motion.

I.          <u>**Background**</u>

Because the court previously recited the facts of this case in detail in its
Memorandum of November 22, 2005, the court will not repeat them here.  Plaintiff
filed a complaint on August 18, 2005.  Plaintiff filed a Motion for Leave to File an
Amended Complaint on July 11, 2005 (Doc. 25-1), which the court granted in part
and denied in part in its Memorandum and Order of November 22, 2005 (Doc. 33).

Plaintiff filed the instant motion on December 6, 2005, seeking
reconsideration of the November 22, 2005 decision with respect to Plaintiff's request
to add breach of contract claims against the Pennsylvania State Police (PSP) and all
individual Defendants.  Specifically, Plaintiff requests that the court alter its ruling to
allow him to make a detrimental reliance/promissory estoppel claim, as well as a due
process claim, which would also require the court to amend its ruling that Plaintiff

has no property or liberty interest in employment that would afford him due process rights.

## II.        Legal Standard – Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[1] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). " 'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.' " *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal

---

[1] When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

quotation marks omitted)).  Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment.  *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541.  Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## III.        Discussion

### A.        Breach of Contract Claims

Plaintiff argues that the court should reconsider its prior ruling and allow Plaintiff to amend the complaint to raise breach of contract claims because the court erroneously concluded that probationary employees of the PSP, such as Plaintiff, have no contract rights.  A court may alter a prior judgment in order to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café*, 176 F.3d at 677.  However, Plaintiff fails to cite any legal authority either establishing that Plaintiff had an employment contract with the PSP or controverting the legal authority upon which the court relied in determining that Plaintiff, as a probationary employee, was presumed to be an at-will employee without a legitimate expectation of continued employment with the PSP.  Plaintiff merely relies on Plaintiff's own allegations in the complaint.  A plaintiff's statement, in a complaint or other legal document, that he cannot be dismissed except for cause, does not on its own constitute binding legal authority.[2]  Thus, Plaintiff fails to establish a clear error

---

[2]  Plaintiff attempts to bolster his assertion that probationary employees can only be dismissed for cause by arguing that neither the PSP nor other proposed Defendants have denied

(continued...)

of law justifying reconsideration of the court's ruling regarding the breach of contract claims.

To the extent that Plaintiff argues that his claim that he could only be dismissed for cause reflects an express agreement, Plaintiff again fails to provide legal support to establish clear error.  First, Plaintiff bases his argument on the same legal principle stated by the court in its November 22, 2005 memorandum:  "The plaintiff must demonstrate entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee."  *Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993); *see also Blanding v. Pennsylvania State Police*, 12 F.3d 1303, 1307 (3d Cir. 1993).  Second, Plaintiff alleges no new facts to alter the court's interpretation, within the confines of existing law, that none of the facts alleged in Plaintiff's proposed amended complaint amount to an express agreement between the PSP and Plaintiff.[3]  Accordingly, the Plaintiff is simply

---

[2](...continued)
Plaintiff's statement that probationary employees could only be dismissed for cause, which Plaintiff says is included in paragraph one of the complaint.  However, the court notes that, because it granted in part and denied in part Plaintiff's motion to amend the complaint, it rejected Plaintiff's proposed amended complaint (Doc. 25-2) and required Plaintiff to submit an amended complaint that complied with the court's ruling.  Plaintiff submitted the docketed amended complaint on November 30, 2005 (Doc. 34).  The language "even though probationary employees can only be dismissed for cause" was not included in the complaint (Doc. 1) or the proposed amended complaint (Doc. 25-2) but only appeared for the first time in the November 30, 2005 amended complaint (Doc. 34).  Although Plaintiff's argument for a "legal principle by agreement of the parties" is insufficient to alter the court's finding that a party's unsupported statement does not constitute legal authority, the court is compelled to add that it patently rejects such disingenuous attempts to establish waiver on the part of an opposing party.

[3] Plaintiff's proposed amended complaint, upon which the court based its November 22, 2005 ruling, alleged in relevant part that "plaintiff, relying in good faith on the defendants [sic] representations that such disclosures were required but not dispositive, or injurious to, his chances for admission to the PSP program, disclosed this information" (Doc 25-2 ¶ 22) and that "[t]he PSP accepted the plaintiff into their program and the plaintiff justifiably assumed that . . . he was accepted to attend
(continued...)

attempting to impermissibly reargue "matters already argued and disposed of . . . ."
*Ogden*, 226 F. Supp. 2d at 606.

### B.    Promissory Estoppel/Detrimental Reliance Claim

Plaintiff argues that the court erroneously interpreted his estoppel claim
as one for equitable estoppel rather than for promissory estoppel, or detrimental
reliance.  Plaintiff's argument fails for several reasons.  First, Plaintiff's own
phrasing of the proposed claim fails to clearly convey that Plaintiff sought relief
grounded in the doctrine of promissory rather than equitable estoppel.  Plaintiff's
claim that "[t]he PSP is estopped from denying Dyche reinstatement because the PSP
waived any objection to Dyche's employment when he was admitted to their
program," (Doc. 25-2 ¶ 9) although ambiguously drafted, speaks only in terms of
equitable relief (i.e. reinstatement).  The claim is devoid of any language that would
convey that Plaintiff was claiming promissory estoppel as a separate cause of action
at law.

Second, even if the court were to somehow extrapolate from the
language that Plaintiff intended to make a promissory estoppel claim, Plaintiff fails
to establish that the court has made a mistake of fact or law to justify reconsideration
of the court's judgment.  Plaintiff alleges no new facts but argues that the court
misinterpreted the facts and claims alleged.  However, the proposed amended
complaint fails to allege any facts to support a promissory estoppel claim.  Plaintiff
appears to rely solely upon the fact that he was accepted into the PSP academy as
proof of a promise or improper inducement.  Again, this premise is couched as an

---

[3](...continued)
the Academy, . . ." (Doc 25-2 ¶ 26).  Neither of these statements, even when taken as true, amount to an
express agreement between the parties.

assumption made by Plaintiff rather than as any kind of alleged affirmative act of the PSP.  Essentially, Plaintiff is attempting to impermissibly raise an argument that he could have made before, *see McDowell Oil Serv. Inc.*, 817 F. Supp. at 541, and fails to show new facts or law that would warrant reconsideration of the court's judgment.

Finally, insofar as Plaintiff attempts to establish a mistake of law by arguing that the court should consider *Rinehimer v. Luzerne County Community. College*, 539 A.2d 1298 (Pa. 1988) and *Travers v. Cameron County School District*, 544 A.2d 547 (Pa. Commw. Ct. 1988), Plaintiff fails because these cases are inapposite to the instant case.  *Rinehimer* discusses a public policy exception to the "at-will" employment doctrine.  Plaintiff made no mention of a public policy exception in the proposed amended complaint and may not do so here.[4]  *Travers* is factually distinct because it involved a concrete temporary employment contract and raised an estoppel claim based on statements conveying the defendants' promise to take certain action with respect to that contract.  Accordingly, Plaintiff fails to establish any mistake of law or fact other legal or factual basis for reconsideration of the court's November 22, 2005 judgment with respect to Plaintiff's estoppel claim.

---

[4]  To the extent that Plaintiff relies upon *Rinehimer*, references it as a public policy exception case, and states "and so is this case" the court construes it as an attempt to make such an argument for the first time in the instant motion.

**IV.**        <u>**Conclusion**</u>

For the foregoing reasons, the court will deny Plaintiff's motion for reconsideration of the court's November 22, 2005 Memorandum and Order with respect to the Plaintiff's proposed breach of contract claims.  An appropriate order will issue.

      s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 21, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES DYCHE,**               :        **CIVIL NO. 1:04-CV-1833**
                                 :
              **Plaintiff**      :
                                 :
          **v.**                 :
                                 :
**LINDA BONNEY,** *et al.***,**  :
                                 :
              **Defendants**     :
                                 :

## O R D E R

For the reasons stated in the accompanying memorandum of law,

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc.
36) is **DENIED**.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated:  December 21, 2005.