IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES DYCHE,** | **CIVIL NO. 1:04-CV-1833** |
| Plaintiff | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **LINDA BONNEY,** *et al.*, | |
| Defendants | |

**M E M O R A N D U M**

Before the court is Plaintiff's Motion for Leave to File a Second Amended Complaint. (*See* Docs. 47, 48.) The parties have briefed the issues, and the matter is ripe for disposition.[1] For the following reasons, the court will deny Plaintiff's motion.

**I.      Background**

The factual background of this case is well-known to both parties. The relevant procedural background is as follows. Plaintiff Charles Dyche filed a complaint on August 18, 2005, asserting violations of his First, Fourth, and Fourteenth Amendment rights by Defendant Linda Bonney and two John Doe Defendants. Plaintiff's complaint survived a motion to dismiss. After conducting discovery, Plaintiff filed his first motion to amend the complaint, seeking to assert breach of contract claims against all Defendants and to add the Pennsylvania State

---

[1] The court notes that Plaintiff has not filed a reply brief; however, pursuant to Local Rule 7.7, although reply briefs *may* be filed, the moving party is not required to do so. Accordingly, once the ten days afforded for filing a reply have passed, as is the case here, the matter is ripe for disposition.

Police ("the PSP"), Barbara Christie,[2] and Jeffrey Miller[3] as Defendants.  On November 22, 2005, the court granted Plaintiff's first motion to amend in part and allowed Plaintiff to add Barbara Christie and Jeffrey Miller as Defendants.  However, the court denied the motion in part, holding that Plaintiff could not add the PSP as a Defendant, assert a § 1983 claim against Ms. Christie for a denial of due process or denial of Plaintiff's right of association, or assert breach of contract claims as to any Defendant.  Plaintiff subsequently filed a motion for reconsideration of the court's November 22, 2005 order, which the court denied on December 21, 2005.

Plaintiff now seeks leave to file a second amended complaint.  Plaintiff attempts for the second time to assert claims based upon the alleged existence of an employment contract between the PSP and Plaintiff.  Specifically, Plaintiff wishes to add contract-based estoppel and fourteenth amendment claims, as well as a request for punitive damages based on such claims.  Plaintiff also seeks to add claims under Title VII and the Pennsylvania Human Relations Act ("the PHRA" or "PHRA").

**II.**          **Legal Standard – Motion to Amend**

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 182 (1962).  A court may deny a motion for leave to amend if

---

[2] Barbara Christie is counsel to the PSP.

[3] Jeffrey Miller is Commissioner of the PSP.

2

"(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith." *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993). "Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

### III.     Discussion

#### A.     Contract Related Claims

Plaintiff fails to establish the existence of a contract between the PSP and Plaintiff or otherwise establish a property interest in continued employment. In order to establish a deprivation of a property interest protected by the Fourteenth Amendment, Plaintiff must demonstrate a legitimate claim of entitlement to employment "created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between" the employer and employee. *Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993).

Plaintiff primarily relies upon Section 205(f) of Pennsylvania's Administrative Code to establish a property interest. Section 205(f) provides:

> All new cadets and troopers shall serve a probationary period of eighteen months from the date of original enlistment during which time they may be dismissed by the commissioner for violations of rules and regulations, incompetency, and inefficiency without action of a court martial board or the right of appeal to a civil court.

71 Pa. Cons. Stat. Ann. § 65(f). However, as Defendants point out, the Commonwealth Court of Pennsylvania specifically declined to construe the statute as a limit on the circumstances that justify termination of a cadet. *See Graham v. Pa. State Police*, 634 A.2d 849, 851 (Pa. Commw. Ct. 1993) (Section 205(f) "does not limit the grounds upon which a cadet can be dismissed. Rather, the reasons stated are only grounds upon which a cadet may be dismissed."). Thus, Plaintiff's reliance on section 205(f) is misplaced and fails to establish that Plaintiff was anything other than a probationary employee. Accordingly, as the court found in its November 22, 2005 order (Doc. 33), Plaintiff fails to establish a property interest sufficient to support a Fourteenth Amendment claim.

Alternatively, Plaintiff attempts to assert that his property interest arises from a "mutually explicit understanding" between Plaintiff and the PSP, an argument that the court has already rejected twice. The court previously found Plaintiff's failure to set forth more than a conclusory statement that an agreement existed to be fatal to his attempt to establish such a property interest in both his first motion to amend and his motion for reconsideration. In order to establish a property interest, Plaintiff must have more than a "unilateral expectation of continued employment." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In the instant motion, once again, aside from Plaintiff's conclusory statement to that effect, Plaintiff's proposed second amended complaint is devoid of any allegations of affirmative statements made by Defendants. Rather, the proposed second amended complaint contains what are merely Plaintiff's unilateral assumptions, which fall short of establishing the requisite "mutually explicit understanding." Thus, Plaintiff did not have a property interest in continued employment with the

PSP and the court will deny his motion to amend with respect to the Fourteenth Amendment claim.

Plaintiff also seeks to amend the first amended complaint to add a promissory estoppel claim. Although Plaintiff's proposed second amended complaint reflects the addition of the phrase "promissory estoppel" to the "Rights Violated" section, it fails to allege any facts that would support a promissory estoppel claim. As the court noted when it denied Plaintiff's motion for reconsideration, "Plaintiff appears to rely solely upon the fact that he was accepted into the PSP academy as proof of a promise or improper inducement. This premise is couched as an assumption made by Plaintiff rather than as any kind of alleged affirmative act [or statement] of the PSP." (Doc. 40.) Because Plaintiff fails to establish the existence of an employment contract or otherwise establish proof of a promise or inducement made by the PSP, his promissory estoppel claim would be futile. Accordingly, the court will deny Plaintiff's instant motion to amend with respect to the promissory estoppel claim.

### B. Title VII and PHRA Claims

Plaintiff's proposed gender discrimination claims under Title VII and the PHRA would be futile because Plaintiff is unable to satisfy administrative procedural prerequisites. It is well-settled that "the jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041 (1977) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Plaintiff admits that he has not received a right to sue letter from the EEOC. Accordingly, the Title VII

5

claim would be futile because Plaintiff cannot satisfy the jurisdictional prerequisites. The court will not allow Plaintiff to amend the complaint to add a Title VII claim.

Although a Plaintiff may file a PHRA claim even if he does not receive a right to sue letter, other administrative requirements exist, which are not met here. The PHRA "requires that claims be brought first to an administrative agency, the PHRC, which has exclusive jurisdiction over the claim for a period of one year in order to investigate and, if possible, conciliate the matter." *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001) (citing *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 921 (Pa. Super. Ct. 1989)). Although a plaintiff "may bring a court action regardless of whether or not he has received a [right to sue] letter from the PHRC," there are still jurisdictional prerequisites insofar as a Plaintiff must file a claim with the PHRC then allow for the one year investigative period before seeking judicial action. *Id.* Plaintiff fails to indicate that a PHRC claim has been filed; thus, Plaintiff fails to meet the jurisdictional requirements for filing a PHRA claim and the claim would be futile. The court will deny Plaintiff's request to add a PHRA claim to the complaint.

### C. **Fourth Amendment Claims**

Defendants also oppose what they interpret as Plaintiff's attempt to amend the first amended complaint by adding Fourth Amendment privacy claims. However, neither the proposed second amended complaint nor the brief in support of Plaintiff's motion to file a second amended complaint seek to add Fourth Amendment claims beyond those that have survived previous motions and briefings in this case. Accordingly, Defendants' arguments would be more appropriately

raised in a motion to dismiss and do not impact the court's disposition of the instant motion.

**IV.      Conclusion**

      For the foregoing reasons, the court will deny Plaintiff's motion for leave to file a second amended complaint. An appropriate order will issue.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated: March 13, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES DYCHE,** | **CIVIL NO. 1:04-CV-1833** |
| **Plaintiff** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **LINDA BONNEY,** *et al.*, | |
| **Defendants** | |

# **O R D E R**

For the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for leave to file a second amended complaint is **DENIED**.

2) A conference call between counsel and the court to discuss case management deadlines will be held on Thursday, March 30, 2006 at 9:30 a.m. The call shall be placed by counsel for Plaintiff. The number to call the court is 717-221-3960.

                                                          s/Sylvia H. Rambo
                                                          SYLVIA H. RAMBO
                                                          United States District Judge

Dated:  March 13, 2006.