IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES DYCHE,** : **CIVIL NO. 1:04-CV-1833**
:
**Plaintiff,** : **JUDGE SYLVIA H. RAMBO**
:
**v.** :
:
**LINDA BONNEY,** *et al.*, :
:
**Defendants.** :
:

# M E M O R A N D U M

This case arises out of a dispute over whether Defendants' decision to rescind Plaintiff's appointment to the Pennsylvania State Police Academy ("the Academy") violated Plaintiff's First, Fourth, and Fourteenth Amendment rights.

Plaintiff contends that Defendants' automatic disqualification policy, with respect to conduct qualifying as criminal violated Plaintiff's privacy rights by forcing him to reveal personal information as a condition of employment. Plaintiff also maintains that Defendants' decision to rescind Plaintiff's appointment, based on his admission of such conduct, constituted unlawful retaliation against protected expression, and deprived Plaintiff of his procedural due process rights because Defendants failed to provide notice or a hearing. Defendants assert that summary judgment against Plaintiff is proper because: 1) Plaintiff's privacy interests are outweighed by the state's legitimate interests in selecting candidates qualified to serve as state troopers; 2) the relevant conduct fails to constitute protected expressive association; 3) the Fourth Amendment is inapplicable to the instant dispute; and 4) Plaintiff fails to establish a sufficient property or liberty interest to

support a due process claim.  In addition, Defendants assert that they are entitled to qualified immunity.[1]

The issues before the court are whether there are any genuine issues of material fact and if not, whether judgment for Defendants is proper as a matter of law.  Defendants' summary judgment motion (Doc. 63) is unopposed so there are no issues of material fact; in addition, the state's interests associated with identifying suitable candidates for employment outweigh Plaintiff's privacy interest here, and Plaintiff fails to establish expressive association protected by the First Amendment, a protected property or liberty interest protected by the Fourteenth Amendment, or a basis for a Fourth Amendment violation.  Therefore, the court will grant Defendants' motion for summary judgment.

## I.        **Background**

Plaintiff Charles Dyche is a former applicant to the Academy. Defendants are Jeffery Miller, Commissioner of the Pennsylvania State Police ("PSP"), Barbara Christie, Chief Counsel for the PSP, and Linda Bonney, the PSP's Director of Human Resources.  Defendants filed a summary judgment motion on September 6, 2006.  On September 22, 2006, Plaintiff filed a Rule 56(f) motion (Doc. 69) for an enlargement of time to respond to the summary judgment motion in order to conduct additional discovery, which the court granted (*see* Doc. 70).  The court granted thirty additional days for discovery, until October 25, 2006.  The court also ordered Plaintiff to file his response to Defendants' summary judgment motion

---

[1] Because the court is able to dispose of Defendants' motion based on the other arguments, the court will not reach the issue of qualified immunity.

within fifteen days after that extended discovery deadline, which made November 9, 2006, the deadline for Plaintiff's response.  Plaintiff failed to file a brief in response to Defendants' summary judgment motion.  Accordingly, the court deems the summary judgment motion unopposed pursuant to Local Rule 7.6.

Although Defendants' summary judgment motion is unopposed, the court will conduct a merits analysis.  *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).  However, the court will accept Defendants' statement of material facts (Doc. 65) as undisputed.  *See Anchorage Assocs. v. V.I. Bd. of Tax Review,* 922 F.2d 168, 175 (3d Cir. 1990) (reasoning that "in the context of a motion for summary judgment, a [local rule comparable to Local Rule 7.6] can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it.").  Thus, the undisputed facts are as follows.

Plaintiff applied to become a PSP trooper on May 21, 2003, when he was thirty-one years old.  In the criminal activity section of the application, Plaintiff stated that when he was nineteen years old, he had engaged in oral sexual relations with a fifteen-year-old girl.  Prior to participating in a pre-employment polygraph, Plaintiff again noted the sexual encounter in the polygraph screening booklet.  In the booklet, Plaintiff checked the box next to "Yes" in response to the statement "Any sexual contact with a person less than 16 years of age when you were four plus years older than the person" and stated that when he was nineteen, a fifteen-year-old girl performed oral sex on him.  Plaintiff also submitted an application addendum, again noting the sexual encounter and providing essentially the same description.

On the Admissions page of Plaintiff's Applicant Polygraph Screening Report, Trooper Martin Knezovich, Plaintiff's polygraph examiner, noted that Plaintiff had admitted to having sexual relations with a fifteen-year-old when he was nineteen, and flagged the conduct as an "automatic disqualifier." A Polygraph Review Panel reviewed Plaintiff's polygraph results. Although the proper procedure would have been to disqualify Plaintiff because of his admission to committing Felony-1 level criminal conduct, the Polygraph Review Panel instead referred Plaintiff for a background investigation, noting that the exact age differential needed to be determined by the background investigator, because Plaintiff had only stated ages, but had not provided years of birth in his descriptions of the sexual encounter.

Trooper Brackney, who conducted the background investigation, noted the sexual encounter, the birth date of the girl involved, and Plaintiff's age, but not his date of birth. Plaintiff's Background Investigation Report and other application materials, including the polygraph documents, were then sent to a Background Review Panel. For some unknown reason, the Background Review Panel failed to note the automatic disqualifier and approved Plaintiff as a cadet. Defendants acknowledge that this was a mistake in light of established PSP policy.

At the time Plaintiff applied to the PSP, the hiring standard in place with respect to criminal behavior provided for automatic disqualification of any cadet applicant who had been convicted of, or admitted to behavior that would constitute, a Misdemeanor-2 or higher graded offense. Although Plaintiff was not charged or convicted, under Pennsylvania law, the sexual experience admitted to by Plaintiff was conduct that would constitute a Felony-1 offense. *See* 18 Pa. Const. Stat. Ann. § 3123(a)(7) (The definition of the offense of involuntary deviate sexual

4

intercourse states that "[a] person commits a felony of the first degree when a person engages in deviate sexual intercourse with a complainant . . . who is less than sixteen years of age and the person is four or more years older than complainant and the complainant and person are not married to each other.").   In a letter dated March 1, 2004, sent to Ms. Bonney after the PSP rescinded Plaintiff's appointment, Plaintiff admitted that he knew about the policy when he applied to the PSP; he stated that he had been aware that the sexual encounter constituted Felony-1 conduct, and that it was a ground for automatic disqualification.

Plaintiff began his training as a PSP cadet on November 2, 2003. Several weeks later, Ms. Bonney received an anonymous letter regarding Plaintiff that referenced "charges brought against him years ago for indecent assault involving a juvenile."  Ms. Bonney subsequently reviewed Plaintiff's application documents and realized that his appointment had been in error and contrary to PSP policy.  Ms. Bonney then notified her supervisor, Lieutenant Colonel Cynthia Transue.  Ms. Bonney subsequently attended a meeting in January 2004 where she, Lt. Col. Transue, Ms. Christie, and others, discussed Plaintiff's situation.  No individual who had admitted to behavior that constitutes an automatic disqualifier had ever been accepted into the Academy.  Therefore, Ms. Bonney recommended that the PSP rescind Plaintiff's appointment.  She recommended rescinding the appointment, rather than dismissing Plaintiff, because a dismissal could imply that Plaintiff had lied during the application process, which was not the case.

Following the meeting, Lt. Col. Transue met with Commissioner Miller and recommended that the PSP rescind Plaintiff's appointment.  Commissioner Miller, who was the ultimate authority with respect to dismissals of PSP employees,

then decided to rescind Plaintiff's appointment.  Lt. Col. Transue subsequently directed Ms. Bonney to draft the letter to Plaintiff rescinding his appointment.  Ms. Bonney complied with that directive; she signed the letter on February 27, 2004, and it was served on Plaintiff the same day.

## II.  Legal Standard – Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party.  *Id.* at 248.  The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party.  *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Id.*

(internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. " 'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

## III.       **Discussion**

Plaintiff's Amended Complaint sets forth the following claims: 1) a First Amendment privacy claim against all Defendants; 2) a First Amendment association claim against Commissioner Miller; 3) a Fourth Amendment privacy claim against all Defendants; and 4) a Fourteenth Amendment due process claim against Commissioner Miller.  Defendants move for summary judgment against Plaintiff on all claims.  The court will address each claim in turn.

### A.     **First Amendment Privacy Claim**

Plaintiff fails to establish a First Amendment privacy violation because Plaintiff's privacy interest was outweighed by the state's interest in receiving background information on prospective state troopers' past illegal conduct.[2] Individuals have an interest in "avoiding disclosure of personal matters." *Whalen v.*

---

[2] Although the court also has some questions regarding whether Plaintiff's privacy was sufficiently invaded, given that the information was not disclosed publicly but requested within the context of a confidential employment application process, the court will not decide that particular issue here.  Instead, the court will focus its inquiry on the theory advanced by Defendants and balance the interests involved.

7

*Roe*, 429 U.S. 589, 599 (1977).  To determine whether that privacy interest has been violated, the court weighs Plaintiff's interest against the government's interest in obtaining the information.  *Id.* at 602.  Defendants identify a number of reasons for requiring cadet applicants to disclose past criminal conduct, including: limiting the potential for criminal behavior on the part of troopers; hiring only those individuals with the highest level of personal responsibility, character, honesty, integrity, morality, and self-restraint; hiring only those individuals who will enforce the law; and hiring only those individuals who are suitable to discharge the significant responsibilities associated with being a trooper.  (*See* Defs. Br. in Supp. of Mot. for Summ. J.15-16, Sept. 9, 2006).

Defendants consider certain past criminal behavior to be predictive of an individual's potential for future criminal behavior and indicative of an individual's likelihood of enforcing laws, and otherwise exhibiting qualities necessary for PSP troopers, who are entrusted to exercise significant responsibility and personal judgment without direct and immediate supervision.  The court finds that the interests identified by Defendants are substantial and outweigh the potential harm to Plaintiff in providing personal information.  Therefore, as a matter of law, Defendants are entitled to summary judgment on the First Amendment privacy claim.

### B.    First Amendment Association Claim

Plaintiff fails to show that Defendant Miller violated his First Amendment association rights, because the sexual encounter at issue does not constitute protected association.  Two types of association rights are protected by the Constitution: intimate association and expressive association.  *Pi Lambda Phi*

*Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 (3d Cir. 2000).  Expressive association protects association in groups for the purpose of expressing First Amendment rights such as speech, assembly, and the exercise of religion.  *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984).  Intimate association protects certain intimate human relationships from government intrusion.  *Id.*  Relationships protected as intimate associations are distinguished by such attributes as "relative, smallness, high degree of selectivity in decisions to begin and maintain the association, and seclusion from others in critical aspects of the relationship."  *Id.* at 620.  Additionally, employees who claim that adverse employment action was taken against them for exercising their associational rights outside of employment must show that they were engaged in constitutionally protected conduct.  *Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Plaintiff fails to establish expressive association as a basis for his claim because he fails to adduce evidence that he sought employment with the PSP for the purpose of exercising his First Amendment rights.  Plaintiff also fails to establish an association claim based on intimate association.  If Plaintiff's position is that Defendant prevented Plaintiff from association with others in the PSP, that argument fails because, as a practical matter, co-employee relationships, without more, do not constitute protected intimate associations.  As the court stated in its November 22, 2005 memorandum and order (Doc. 33), if the co-employee relationship alone was a sufficient basis for this kind of claim, no employer could terminate an employee without violating that employee's right of association.

To the extent that Plaintiff's argument is that the PSP impermissibly punished him for a prior intimate association that he revealed during the application

process, the sexual encounter fails to establish a protected interest.  Plaintiff's admitted sexual involvement with a fifteen-year-old, when he was nineteen years old, is not constitutionally protected, because the encounter amounted to illegal sexual conduct.  *See Brown v. Hartlage*, 456 U.S. 45, 55 (1982) ("Although agreements to engage in illegal conduct undoubtedly possess some element of association, the State may ban such illegal agreements without trenching on any right of association protected by the First Amendment.").  The fact that Plaintiff was not charged or convicted does not make such conduct any less illegal.  Accordingly, Plaintiff fails to establish a sufficient basis for protected association and Defendant Miller is entitled to summary judgment on the First Amendment claim.

## C.    The Fourth Amendment Claim

Plaintiff fails to establish any Fourth Amendment claim because he fails to establish that the Fourth Amendment is applicable to the instant circumstances. Plaintiff appears to make a privacy claim based on the Fourth Amendment. However, the privacy interest protected by the Fourth Amendment is "the right of the individual to be free in his private affairs from governmental surveillance and intrusion." *Whalen*, 429 U.S. at 600.  Moreover, the Fourth Amendment applies in the context of criminal investigations and arrests by law enforcement officers. Accordingly, it is inapplicable to the instant employment dispute and Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claim.

## D.    Fourteenth Amendment Procedural Due Process Claim

Plaintiff fails to show that Defendant Miller violated his Fourteenth Amendment right to due process by rescinding his appointment without providing notice and an opportunity to be heard because he fails to establish a protected liberty

or property interest.  To establish a denial of due process, a plaintiff must establish either a property interest or a liberty interest.  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  As the court stated in its November 22, 2005 order, Plaintiff cannot establish a property interest in his employment with the PSP because he was a probationary employee in training at the Academy.  (*See* Doc. 33 at 10-11.) Plaintiff had at most a "unilateral expectation" of continued employment, *Roth*, 408 U.S. at 577, and fails to show an employment interest expressly created by contract, state statute or regulation, or arising from a government policy or mutually explicit understanding between Plaintiff and the PSP, *see Carter v. City of Phila.*, 989 F.2d 117, 120 (3d Cir. 1993).  Accordingly, Plaintiff would only have been entitled to due process if he could establish a protected liberty interest.  *Roth*, 408 U.S. at 571.

In order to establish a liberty interest, Plaintiff must show that the State "imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities.  *Id.* at 573.  In this context, in order for the Due Process Clause to afford protection, "[t]here must be some factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation."  *Codd v. Velger*, 429 U.S. 624, 627 (1977). A hearing is required only where "the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination."  *Id.* at 627.  Plaintiff does not dispute the truth of the sexual encounter and repeatedly admitted to it during the application process.  Thus, there was no factual dispute between Plaintiff and the PSP that bore on Plaintiff's reputation and Plaintiff cannot establish that the PSP or Defendant Miller created or disseminated a false or defamatory impression about him.  Because Plaintiff fails to establish a protected

11

property or liberty interest, the court will grant Defendants' summary judgment
motion with respect to the Fourteenth Amendment due process claim against
Defendant Miller.

**IV.**       **<u>Conclusion</u>**

        For the foregoing reasons, the court will grant Defendants' motion for
summary judgment.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 7, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DYCHE,** | : | **CIVIL NO. 1:04-CV-1833** |
| **Plaintiff,** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **LINDA BONNEY, *et al.*,** | : | |
| **Defendants.** | : | |

# O R D E R

In accordance with the foregoing memorandum of law, **IT IS
HEREBY ORDERED THAT**:

1) Defendants' Motion for Summary Judgment (Doc. 63) is
**GRANTED**;

2) The Clerk of Court is directed to enter **JUDGMENT for
Defendants and against Plaintiff**; and

3) The Clerk of Court is directed to close the file.


                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  December 7, 2006.